UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN G.S., | Case No.  26-cv-06803-TLT |
| Plaintiff, | |
| v. | **SUPPLEMENTAL QUESTIONS FOR HEARING** |
| SERGIO ALBARRAN, et al., | Re: Dkt. No. 2, 7, 10, 11 |
| Defendants. | |

## I.    JUNE 16, 2026 CHECK-IN

Petitioner alleges that on June 16, 2026, an ICE officer informed him at his check-in that ICE planned to remove him to a third country and instructed him to return with a plane ticket for El Salvador, Guatemala, or Mexico, and if he did not cooperate, he would be sent to Africa.  ECF 1 ¶ 37

The officer allegedly stated that if Petitioner did not return with a plane ticket himself, he would be arrested on his July 7 check-in date.  *Id*.  His OSUP note is written with "NRD with removal plans / alternate country" on July 7, 2026.  ECF 1-5.

**[TO RESPONDENTS]**

A.    Please describe the event that occurred on June 16, 2026.

B.    Other than the OSUP note, what, if any, written notice or documentation did ICE provide to Petitioner on or after June 16, 2026, reflecting "removal plans to an alternate country" or the requirement that he return with a plane ticket?

## II.    DUE PROCESS AND BOND HEARING

8 U.S.C. § 1231(a)(3) states that "If the alien does not leave or is not removed within the removal period [of 90-days], the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."  Petitioner has been subject to an order of supervision via a Form I-220B Order of Supervision on December 11, 2013.  ECF 1-4.  In May

United States District Court
Northern District of California

2022, an Immigration Judge granted Petitioner withholding of removal under 8 U.S.C. § 1231(b), finding he was more likely than not to suffer persecution on account of his sexual orientation if he was returned to Honduras. ECF 1 ¶ 34.

The Due Process clause applies to noncitizens within the United States "whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). "It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings. [] The notice must be afforded within a reasonable time [] to actually seek habeas relief in the proper venue before such removal occurs." *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025).

**[TO BOTH PARTIES]**

    A.    Please address whether the Petitioner is entitled to notice within a reasonable time of his removal or ***transfer to a third country***, notwithstanding his current non-detained status and order of supervision under 8 U.S.C. § 1231(b).

        i.   Please identify any statute, regulation, or precedent if necessary.

    B.    To the extent Petitioner is subject to detention under 8 U.S.C. § 1231(a)(6), please explain why a bond or custody hearing is necessary or unnecessary before detention in this action (pre-detention) , even though such a hearing seems to be necessary after detention (post-detention).

**III.   ALTERNATIVE RELIEF**

**[TO PETITIONER]**

    A.    To the extent Petitioner is subject to detention under 8 U.S.C. § 1231(a)(6), please explain any alternative relief Petitioner is entitled to.

Please provide responses to the foregoing questions during the hearing on July 17, 2026.

If you choose to respond in writing, you are encouraged to submit your responses prior to hearing and not exceed 2 pages.

IT IS SO ORDERED.

Dated: July 16, 2026

_____
TRINA L. THOMPSON
United States District Judge

2